# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SELINA LONGHWAY,

    Plaintiff,

v.

JEFFERSON CAPITAL SYSTEMS, LLC,

    Defendant.

Case No. 8:25-cv-2222

## DEFENDANT, JEFFERSON CAPITAL SYSTEMS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Jefferson Capital Systems, LLC ("JCAP"), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Selina Longhway ("Plaintiff"), and states:

### JURISDICTION AND VENUE

1. JCAP admits Plaintiff's claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, give rise to federal question jurisdiction. Except as specifically admitted, JCAP denies the allegations in ¶ 1 as calling for a legal conclusion.

2. JCAP denies the allegations in ¶ 2 as calling for a legal conclusion.

3. JCAP denies the allegations in ¶ 3 as calling for a legal conclusion.

4. JCAP denies the allegations in ¶ 4 as calling for a legal conclusion.

## PARTIES

5. Upon information and belief, JCAP admits the allegations in ¶ 5.

6. JCAP admits it is a limited liability company with an office in Minnesota. Except as specifically admitted, JCAP denies the allegations in ¶ 6 as calling for a legal conclusion.

## DEMAND FOR JURY TRIAL

7. JCAP admits Plaintiff purports to demand a jury trial, but denies she is entitled to any such relief. Except as specifically admitted, JCAP denies the allegations in ¶ 7.

## FACTUAL ALLEGATIONS

8. JCAP admits it obtained an unpaid account in Plaintiff's name (the "Account"). Except as specifically admitted, JCAP denies the allegations in ¶ 8 as calling for a legal conclusion.

9. JCAP admits the Account arose from an Aspire Credit Card issued by the Bank of Missouri. Except as specifically admitted, JCAP denies the allegations in ¶ 9 as calling for a legal conclusion.

10. JCAP denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

11. JCAP admits part of its business includes the collection of unpaid obligations. Except as specifically admitted, JCAP denies the allegations in ¶ 11 as calling for a legal conclusion.

12. JCAP admits part of its business includes the collection of unpaid obligations. Except as specifically admitted, JCAP denies the allegations in ¶ 12 as calling for a legal conclusion.

13. JCAP admits part of its business includes the collection of unpaid obligations. Except as specifically admitted, JCAP denies the allegations in ¶ 13 as calling for a legal conclusion.

14. The referenced registration and license speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 14 state otherwise, they are denied.

15. The referenced registration and license speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 15 state otherwise, they are denied.

16. JCAP admits it maintains information regarding the Account. Except as specifically admitted, JCAP denies the allegations in ¶ 16 as calling for a legal conclusion.

17. JCAP admits it maintains information regarding the Account. Except as specifically admitted, JCAP denies the allegations in ¶ 17 as calling for a legal conclusion.

18. JCAP admits it maintains information regarding the Account. Except as specifically admitted, JCAP denies the allegations in ¶ 18 as calling for a legal conclusion.

19. JCAP admits it maintains information regarding the Account. Except as specifically admitted, JCAP denies the allegations in ¶ 19 as calling for a legal conclusion.

20. JCAP admits it maintains information regarding the Account. Except as specifically admitted, JCAP denies the allegations in ¶ 20 as calling for a legal conclusion.

21. JCAP admits it maintains information regarding the Account. Except as specifically admitted, JCAP denies the allegations in ¶ 21 as calling for a legal conclusion.

22. JCAP admits it maintains information regarding the Account. Except as specifically admitted, JCAP denies the allegations in ¶ 22 as calling for a legal conclusion.

23. JCAP admits it maintains information regarding the Account. Except as specifically admitted, JCAP denies the allegations in ¶ 23 as calling for a legal conclusion.

24. JCAP admits it maintains information regarding the Account. Except as specifically admitted, JCAP denies the allegations in ¶ 24 as calling for a legal conclusion.

25. JCAP admits it maintains information regarding the Account. Except as specifically admitted, JCAP denies the allegations in ¶ 25 as calling for a legal conclusion.

26. JCAP admits it maintains information regarding the Account. Except as specifically admitted, JCAP denies the allegations in ¶ 26 as calling for a legal conclusion.

27. JCAP's policies and procedures speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 27 state otherwise, they are denied.

28. JCAP the allegations in ¶ 28 as calling for a legal conclusion.

29. JCAP the allegations in ¶ 29 as calling for a legal conclusion.

30. JCAP admits it provided information regarding the Account to certain consumer reporting agencies. Except as specifically admitted, JCAP denies the allegations in ¶ 30 as calling for a legal conclusion.

31. JCAP admits it provided information regarding the Account to certain consumer reporting agencies. Except as specifically admitted, JCAP denies the allegations in ¶ 31 as calling for a legal conclusion.

32. JCAP denies the allegations in ¶ 32.

33. JCAP denies the allegations in ¶ 33 as calling for a legal conclusion.

34. JCAP denies the allegations in ¶ 34.

35. JCAP denies the allegations in ¶ 35.

36. JCAP denies the allegations in ¶ 36.

37. JCAP denies the allegations in ¶ 37.

38. JCAP denies the allegations in ¶ 38.

39. JCAP denies the allegations in ¶ 39 as calling for a legal conclusion.

40. JCAP denies the allegations in ¶ 40.

41. JCAP denies the allegations in ¶ 41 as calling for a legal conclusion.

42. JCAP denies the allegations in ¶ 42.

43. JCAP denies the allegations in ¶ 43.

44. JCAP denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein.

45. JCAP denies the allegations in ¶ 45.

46. JCAP denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

47. JCAP denies the allegations in ¶ 47.

48. JCAP denies the allegations in ¶ 48.

49. JCAP denies the allegations in ¶ 49.

50. JCAP denies the allegations in ¶ 50 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

51. JCAP denies the allegations in ¶ 51.

52. JCAP denies the allegations in ¶ 52.

53. JCAP denies the allegations in ¶ 53.

54. JCAP denies the allegations in ¶ 54.

55. JCAP denies the allegations in ¶ 55.

56. JCAP's credit reporting history speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 56 state otherwise, they are denied.

57. JCAP denies the allegations in ¶ 57 for lack of knowledge or information sufficient to form a belief therein.

58. JCAP denies the allegations in ¶ 58.

59. JCAP denies the allegations in ¶ 59.

60. JCAP denies the allegations in ¶ 60.

### COUNT 1
### [ALLEGED] VIOLATION OF 15 U.S.C. § 1692e

61. JCAP reasserts the foregoing answers to Paragraphs 8 through 60 as if fully stated herein.

62. The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 62 state otherwise, and as calling for a legal conclusion, they are denied.

63. JCAP denies the allegations in ¶ 63.

64. JCAP denies the allegations in ¶ 64.

65. JCAP denies the allegations in ¶ 65.

66. JCAP admits Plaintiff is seeking the requested relief in ¶ 66, but denies Plaintiff is entitled to any such relief, including all subparts.

## COUNT 2
## [ALLEGED] VIOLATION OF 15 U.S.C. § 1692e(2)(A)

67. JCAP reasserts the foregoing answers to Paragraphs 8 through 60 as if fully stated herein.

68. The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 68 state otherwise, and as calling for a legal conclusion, they are denied.

69. JCAP denies the allegations in ¶ 69.

70. JCAP denies the allegations in ¶ 70.

71. JCAP denies the allegations in ¶ 71.

72. JCAP admits Plaintiff is seeking the requested relief in ¶ 72, but denies Plaintiff is entitled to any such relief, including all subparts.

## COUNT 3
### [ALLEGED] VIOLATION OF 15 U.S.C. § 1692e(8)

73. JCAP reasserts the foregoing answers to Paragraphs 8 through 60 as if fully stated herein.

74. The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 74 state otherwise, and as calling for a legal conclusion, they are denied.

75. JCAP denies the allegations in ¶ 75.

76. JCAP denies the allegations in ¶ 76.

77. JCAP denies the allegations in ¶ 77.

78. JCAP denies the allegations in ¶ 78.

79. JCAP admits Plaintiff is seeking the requested relief in ¶ 79, but denies Plaintiff is entitled to any such relief, including all subparts.

## COUNT 4
### [ALLEGED] VIOLATION OF 15 U.S.C. § 1692e(10)

80. JCAP reasserts the foregoing answers to Paragraphs 8 through 60 as if fully stated herein.

81. The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 81 state otherwise, and as calling for a legal conclusion, they are denied.

82. JCAP denies the allegations in ¶ 82.

83. JCAP denies the allegations in ¶ 83.

84. JCAP denies the allegations in ¶ 84.

85. JCAP admits Plaintiff is seeking the requested relief in ¶ 85, but denies Plaintiff is entitled to any such relief, including all subparts.

## COUNT 5
## [ALLEGED] WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

86. JCAP reasserts the foregoing answers to Paragraphs 8 through 60 as if fully stated herein.

87. JCAP denies the allegations in ¶ 87.

88. JCAP denies the allegations in ¶ 88.

89. JCAP denies the allegations in ¶ 89.

90. JCAP admits it maintains and follows reasonable policies and procedures to ensure compliance with the FCRA. Except as specifically admitted, JCAP denies the allegations in ¶ 90 as calling for a legal conclusion.

91. JCAP admits it maintains and follows reasonable policies and procedures to ensure compliance with the FCRA. Except as specifically admitted, JCAP denies the allegations in ¶ 91 as calling for a legal conclusion.

92. JCAP denies the allegations in ¶ 92.

93. JCAP denies the allegations in ¶ 93.

94. JCAP denies the allegations in ¶ 94.

95. JCAP denies the allegations in ¶ 95.

96. JCAP admits Plaintiff is seeking the requested relief in ¶ 96, but denies Plaintiff is entitled to any such relief, including all subparts.

## COUNT 6
## [ALLEGED] NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

97. JCAP reasserts the foregoing answers to Paragraphs 8 through 60 as if fully stated herein.

98. JCAP denies the allegations in ¶ 98.

99. JCAP denies the allegations in ¶ 99.

100. JCAP denies the allegations in ¶ 100.

101. JCAP admits it maintains and follows reasonable policies and procedures to ensure compliance with the FCRA. Except as specifically admitted, JCAP denies the allegations in ¶ 101 as calling for a legal conclusion.

102. JCAP denies the allegations in ¶ 102.

103. JCAP denies the allegations in ¶ 103.

104. JCAP denies the allegations in ¶ 104.

105. JCAP denies the allegations in ¶ 105.

106. JCAP admits Plaintiff is seeking the requested relief in ¶ 106, but denies Plaintiff is entitled to any such relief, including all subparts.

## AFFIRMATIVE DEFENSES

1. Upon information and belief, this Court may lack jurisdiction due to the presence of mandatory binding arbitration in the underlying account agreement.

2. To the extent that any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

3. Pursuant to 15 U.S.C. § 1681m(c), to the extent any violations are established, any such violations were not intentional as JCAP maintained reasonable procedures to ensure compliance with the FCRA.

4. Part or all of Plaintiff's claims are barred due to Plaintiff's failure to comply with the provisions of 15 U.S.C. § 1681s-2(a)(8)(D) in the alleged dispute at issue.

5. Part or all of Plaintiff's claims are barred by Plaintiff's contributory negligence in failing to submit complete and accurate information to the CRAs regarding her alleged dispute.

6. Part or all of Plaintiff's claims are barred because the fault of the Plaintiff is equal to or greater than the alleged fault of JCAP.

7. JCAP denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages or injury in fact as a result of JCAP's purported violations, and lacks standing to raise her claims against JCAP.

8. Assuming Plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

9. One or more claims asserted by Plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

10. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than JCAP and were beyond the control or supervision of JCAP or for whom JCAP was and is not responsible or liable.

11. Plaintiff has failed to state a claim against JCAP upon which relief may be granted.

WHEREFORE, Defendant, Jefferson Capital Systems, LLC, requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Dated: August 27, 2025                            Respectfully submitted,

                                                  */s/ Bradley J. St. Angelo*
                                                  Bradley J. St. Angelo, Esq.
                                                  Florida Bar No. 119399
                                                  SESSIONS, ISRAEL & SHARTLE, LLC
                                                  3838 N. Causeway Blvd., Suite 2800
                                                  Metairie, Louisiana 70002
                                                  Telephone: (504) 838-3700
                                                  Facsimile: (504) 838-3737
                                                  bstangelo@sessions.legal

                                                  *Counsel for Defendant,*
                                                  *Jefferson Capital Systems, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 27, 2025, a copy of the foregoing was filed electronically via CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

*/s/ Bradley J. St. Angelo*
Bradley J. St. Angelo, Esq.
